

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
:
LOCAL #46 METALLIC LATHERS UNION AND    :     12-CV-2180 (ARR)(LB)
REINFORCING IRON WORKERS WELFARE TRUST,  :
ANNUITY FUND, PENSION FUND, APPRENTICESHIP :   <u>NOT FOR ELECTRONIC</u>
FUND, VACATION FUNDS, SCHOLARSHIP FUND,    :   <u>OR PRINT PUBLICATION</u>
AND OTHER FUNDS; TERRENCE MOORE, in his    :
fiduciary capacity as Trustee of the Local #46 Metallic  :   <u>ORDER</u>
Lathers Union and Reinforcing Iron Workers Welfare  :
Trust, Annuity Fund, Pension Fund, Apprenticeship Fund, :
Vacation Fund, Scholarship Fund and Other Funds; and  :
TERRENCE MOORE, as Business Manager of the Local  :
#46 Metallic Lathers Union and Reinforcing Iron Workers :
Welfare Trust, Annuity Fund, Pension Fund,       :
Apprenticeship Fund, Vacation Fund, Scholarship Fund  :
and Other Funds,                              :
:
             Plaintiffs,                   :
:
   -against-                        :
:
BROOKMAN CONSTRUCTION CO., INC.,       :
:
             Defendant.                :
------------------------------------------------------------------- X

ROSS, United States District Judge:

      The court has received the Report and Recommendation on the instant case dated May,

24, 2013, from the Honorable Lois Bloom, United States Magistrate Judge. No objections have

been filed. Accordingly, the court has reviewed the Report and Recommendation for clear error

on the face of the record. See Advisory Comm. Notes to Fed. R. Civ. P. 72(b); accord <u>Brissett v.

Manhattan & Bronx Surface Transit Operating Auth.</u>, No. 09-CV-1930682 (CBA) (LB), 2011

WL 1930682, at *1 (E.D.N.Y. May 19, 2011). Having reviewed the record, I find no clear error

in Judge Bloom's recommendation that an entry of default be entered against defendant. I

therefore adopt the Report and Recommendation, in its entirety, as the opinion of the court. I

C/M.

hereby direct the Clerk of Court to enter a default judgment against defendant, and, pursuant to

28 U.S.C. § 636(b)(1), I refer the case back to Judge Bloom for an inquest on damages.

SO ORDERED.

s/ ARR

Allyne R. Ross
United States District Judge

Dated:      June 10, 2013
            Brooklyn, New York

2

**Service List:**

Brookman Construction Co., Inc.
400 Myrtle Ave.
Brooklyn, NY 11205

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LOCAL #46 METALLIC LATHERS UNION
AND REINFORCING IRON WORKERS
WELFARE TRUST, ANNUITY FUND,
PENSION FUND, APPRENTICESHIP FUND,
VACATION FUND, SCHOLARSHIP FUND
AND OTHER FUNDS;
TERRANCE MOORE, *in his fiduciary capacity*
*as Trustee of the Local #46 Metallic Lathers Union*
*and Reinforcing Iron Workers Welfare Trust,*
*Annuity Fund, Pension Fund, Apprenticeship Fund,*
*Vacation Fund, Scholarship Fund and Other Funds*;
and TERRANCE MOORE, *as business manager*
*of the Local #46 Metallic Lathers Union and*
*Reinforcing Iron Workers and in his fiduciary*
*capacity as a Trustee of the Political Action Fund*
*and Iron Workers Political Education Fund*;

|  |  |
|---|---|
| Plaintiffs, | **REPORT & RECOMMENDATION** |
|  | **12 CV 2180 (ARR)(LB)** |

-against-

BROOKMAN CONSTRUCTION CO., INC.

Defendant.
-------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

Plaintiffs bring this action against defendant Brookman Construction Co., Inc. for violations

of their collective bargaining agreement (CBA) and the Employment Retirement Income Security

Act (ERISA), 29 U.S.C. §1001, *et seq.* Defendant, through its counsel, has repeatedly failed to

comply with the Federal Rules of Civil Procedure and the Court's orders. Therefore, I respectfully

recommend that the Court should enter a default judgment against defendant.

## BACKGROUND

Plaintiffs commenced this action on May 3, 2012. Defendant was served with the summons

and complaint in this action on May 16, 2012, and its answer was due June 6, 2012. (ECF No. 3.)

1

On June 13 and 15, 2012, defendant's counsel sought leave to appear pro hac vice. (ECF No. 4-5.) The Court granted counsel's request on June 15, 2013. On August 29, 2012, more than two months after the time to respond had expired, defendant answered the complaint. (ECF No. 7.)

On September 6, 2012, the parties filed their Rule 26(f) Report informing the Court that an audit was scheduled for September 14, 2012. (ECF No. 8.) The Court held an initial conference by telephone on September 24, 2012, and learned that the audit had been canceled because defendant's counsel failed to confirm the date with his client. The Court scheduled the matter for another status conference on October 3, 2012, to set a date for the audit. (Sept. 25, 2012 Scheduling Order.) On October 3, 2012, the parties informed the Court that the audit had been scheduled, and the matter was adjourned to a November 28, 2012. (Oct. 4, 2012 Scheduling Order.)

At the November 28, 2012 conference, the Court ordered the parties to review the audit and "[i]f, after careful review of the audit and records, any discrepancy remains unsettled, the parties shall electronically file a statement with the Court by December 14, 2012 setting forth what the discrepancy is as well as the legal and factual basis for their respective positions." (Nov. 28, 2012 Scheduling Order.) Plaintiffs timely filed a statement (ECF No. 13), but no statement was filed by defendant. The Court held a status conference on December 21, 2012. Despite the clear language of the November 28, 2012 Order, defendant's counsel stated that he believed he complied with the Order when he sent a letter regarding his concerns to plaintiffs' counsel. During the conference, defendant's counsel also represented that his client was having financial difficulties fulfilling its obligations pursuant to the CBA because Brookman had not been paid for several of the jobs. To address this issue, plaintiffs' counsel suggested that plaintiffs could amend the complaint to sue on the contractors' surety bonds and the parties agreed to work together to exchange the necessary information regarding the suretors.

2

The Court held another conference on February 6, 2013, and learned that defendant had not produced the necessary information to allow plaintiffs to amend their complaint to sue on the bonds. Accordingly, the Court ordered defendant's counsel to produce the surety bonds and contracts for the Cruz, Prismatic, and Commodore jobs to plaintiffs' counsel by February 13, 2013. (Feb. 6, 2013 Scheduling Order.)    The Order explicitly warned defendant that a failure to comply would result in sanctions pursuant to Rule 37(b)(2). (Id.) On February 27, 2013, plaintiffs informed the Court that defendant failed to turn over these documents. (ECF No. 17-1.) Plaintiffs further stated that defendant had failed to respond to its request for documents which were due January 18, 2013. (Id.)

On February 28, 2013, defendant's counsel, citing health issues, requested a sixty-day stay. (ECF No. 16.) The Court expressed its sympathies, but denied counsel's request as "unreasonable" since plaintiff is entitled to proceed and defendant's counsel is appearing pro hac vice to represent Brookman Construction, a New York corporation. (ECF No. 17.) The Court ordered defendant to obtain substitute counsel. (Id.) On March 2, 2013, defendant's counsel moved for reconsideration. (ECF No. 18.) The Court granted reconsideration, but did not grant a stay. (ECF No. 19.) The Court emphasized that defendant's discovery obligation *"pre-dates* defendant's counsel's request for a stay" and that "counsel's personal medical condition is not a basis to relieve defendant of its obligation to produce the surety bonds and contracts as the Court previously ordered." (Id., emphasis added.)    Nonetheless, the Court granted defendant "one more opportunity to avoid sanctions" and ordered defendant to produce the bonds and contracts to plaintiffs by March 8, 2013. (Id.) The Court warned defendant that it would impose sanctions, including reasonable attorneys' fees and expenses as well as an entry of default, if defendant failed to comply with the Court's Order. (Id.)

On March 7, 2013, instead of producing the bonds and contracts, defendant wrote to plaintiffs' counsel and stated "that after a lengthy and careful review of my contracts with Prismatic Construction, Commodore Construction, and EE Cruz Construction, I am not able to provide you with Bonding information. Bonding information is proprietary to the individual contractors and their Bonding service." (ECF No. 22.) Plaintiffs filed a copy of this letter with the Court on March 11, 2013. (Id.) On April 10, 2013, the Court ordered defendant to show cause why sanctions pursuant to Rule 37(b)(2) should not be imposed. Defendant responded to the order to show cause on April 16, 2013 (ECF No. 25) and the Court held a telephone conference to address the matter on April 17, 2013.

At the conference, defendant's counsel argued that since defendant did not possess the bonding information, defendant's letter to plaintiffs complied with the Court's Order. (ECF No. 26, Tr. at 5, 8.) The Court disagreed; "[i]f it was unable to providing the bonding information, it was incumbent upon you as the attorney of record to prepare something to respond to the Court's order saying why it was impossible. That was not done, sir." (Id. at 6.) Defendant's counsel explained that he was unable to seek such leave from the Court in light of his medical condition; "I effectively checked out, meaning I looked out for my health first." (Id. at 17.) Plaintiffs' counsel also raised defendant's failure to respond to their requests for documents served in December. (Id. at 10, 15-16.) In response, defendant's counsel candidly stated "we've plain forgot about that." (Id. at 11.) The Court asked defendant's counsel if he was able to proceed in this action and he responded "I'm not trying to have this case or this court put me back in the hospital." (Id. at 13.) Finding that defendant's counsel was unable to continue his representation of defendant herein, the Court ordered defendant to retain substitute counsel by May 16, 2013. (ECF No. 27.) The Court warned defendant that "[i]f no new counsel appears for Brookman Construction Co., Inc. by May 16, 2013,

4

I shall recommend the entry of a default judgment against defendant pursuant to Rule 37(b)(2)." To date, defendant has not retained substitute counsel. Plaintiffs' counsel also informs the Court that defendant's counsel "advised [him] that new counsel was not being retained." (ECF No. 29.)

## DISCUSSION

Rule 37(b)(2)(A) authorizes the Court to impose sanctions on a party who fails to obey discovery orders. Specifically, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just order. They may include . . . (vi) rendering a default judgment against the disobedient party . . . ." Fed. R. Civ. P. 37(b)(2)(A). Rule 16(f) further provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Although the entry of a default judgment is an extreme measure, the Second Circuit "has consistently affirmed" the sanction of default judgment against parties that "repeatedly refuse to comply with their discovery obligations despite court orders and warnings of impending sanctions." Integrity Elecs., Inc. v. Garden State Distribs., Inc., 09 CV 2367 (ILG), 2012 U.S. Dist. LEXIS 43096, at *17 (E.D.N.Y. Jan. 6, 2012) (citing SEC v. Setteducate, 419 Fed. App'x. 23, 24 (2d Cir. 2011)). A court should consider several factors in exercising its discretion to impose sanctions under Rule 37 including, "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302-303 (2d Cir. 2009) (quoting Nieves v. City of N.Y., 208 F.R.D. 531, 535 (S.D.N.Y. 2002)); see also Coach, Inc. v. O'Brien, 10 Civ. 6071 (JPO)(JLC), 2011 U.S. Dist. LEXIS 135988, at *8-9 (S.D.N.Y. Nov. 28, 2011) (applying these factors to support rendering a default judgment pursuant to Rule 37), *adopted*

*by and modified on other grounds by*, 2012 U.S. Dist. LEXIS 52565 (S.D.N.Y. Apr. 13, 2012).

Each of these factors supports entering a default judgment against defendant in this action. First, defendant's noncompliance has been willful. Throughout this litigation, the Court has afforded defendant numerous opportunities to comply with the Court's orders. However defendant's counsel, citing various excuses, has repeatedly shirked his obligations. Noncompliance is willful where the party has received notice of the Court's orders and repeatedly fails to comply. See Coach, Inc., 2011 U.S. Dist. LEXIS 135988, at *10 ("The Court deems noncompliance willful given that these orders were mailed directly to [defendant's] address, and yet she repeatedly failed to comply."); D'Ascoli v. Roura & Melamed, 02 Civ. 2684 (LMM)(RLE), 2003 U.S. Dist. LEXIS 21591, at *11 (S.D.N.Y. Aug. 6, 2003) ("'[P]arties that fail to respond to court orders or remain silent in the face of repeated discovery requests'" demonstrate "willful disobedience." (quoting MCI WorldCom Commc'ns, Inc. v. Gamma Commc'ns Group, Inc., 204 F.R.D. 259, 262 (S.D.N.Y. 2001))).

Any lesser sanction than entry of a default judgment would not be efficacious in this case. The CBA between the parties requires defendant to make monetary contributions to plaintiffs. As defendant admits entering into a CBA with plaintiffs (ECF No. 7), the only point of contention which was the focus of discovery is to determine what monies are owed. At every turn, defendant has sought to avoid and delay this litigation. Thus, any lesser sanction such as prohibiting defendant from entering certain matters into evidence or staying the proceeding until defendant complies, would not be effective in this case. Moreover, the contributions at issue in this case accrue interest and penalties if unpaid. Therefore, plaintiffs will be owed more the longer these proceedings go on. Defendant has repeatedly refused to comply with the Court's orders and has completely failed to engage in discovery with plaintiffs' counsel as required by the Federal Rules of

Civil Procedure. "[G]iven Defendant's deliberate refusal to cooperate in this litigation," "it is this Court's view that any lesser sanction here would be an exercise in futility." Koch v. Rodenstock, 06 Civ. 6586 (BSJ)(DF), 2010 U.S. Dist. LEXIS 49054, at *23 (S.D.N.Y. Apr. 23, 2010), *adopted by*, 2010 U.S. Dist. LEXIS 49031 (S.D.N.Y. May 17, 2010); see also RLI Ins. Co. v. May Constr. Co., 09 Civ. 7415 (PKC), 2011 U.S. Dist. LEXIS 30673, at *7 (S.D.N.Y. Mar. 21, 2011) ("The fact that defendant was warned that noncompliance would result in striking his answer and chose not to comply illustrates that lesser sanctions would be insufficient to remedy his failure.").

Defendant has failed to comply with various court orders over the span of several months. The Court specifically imposes sanctions here for defendant's willful failure to turn over the bonds and contracts to plaintiffs' counsel by March 8, 2013. Defendant was originally required to provide these documents by February 13, 2013. Thus, although the period of noncompliance since the Court's last extension has only been two and half months, defendant has failed to satisfy its discovery obligations for more than three months. This "qualifies as an amount of time sufficient to warrant an entry of a default judgment." Coach, Inc., 2011 U.S. Dist. LEXIS 135988, at *11-12 (collecting cases) (entering default judgment where the party failed to comply for two months); see also Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42-43 (2d Cir. 1982) ("[A] pattern of dilatory tactics. . . . may warrant dismissal after merely a matter of months.").

Furthermore, defendant was explicitly warned of the consequences of noncompliance. As early as February 6, 2013, the Court put defendant on notice that sanctions would be imposed pursuant to Fed. R. Civ. P. 37(b)(2) if counsel failed to produce the bonds and contracts. The Court reiterated this warning on March 4, 2013, when it afforded defendant "one more opportunity to avoid sanctions," and on April 10, 2013, when the Court ordered defendant to show cause why sanctions pursuant to Rule 37(b)(2) should not be imposed. (ECF Nos. 19, 23.) Thereafter, on

April 23, 2013, the Court afforded defendant a final opportunity to retain new counsel and proceed with this action. (ECF No. 27.)  In doing so, it again advised defendant that noncompliance would result in sanctions including an entry of default judgment pursuant to Rule 37(b)(2)(A).

Finally, defendant's failure to obtain new counsel provides an independent ground for entering a default judgment.[1]  The Second Circuit has long "'required corporations to appear through a special agent, the licensed attorney.'"  Grace v. Bank Leumi Trust Co., 443 F.3d 180, 192 (2d Cir. 2006) (quoting Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991)).  "A default is warranted if a defendant cannot proceed without counsel and either will not or cannot obtain an attorney.  Failure by such a party to obtain counsel after being warned of the necessity to do so justifies entry of a default or dismissal."  Balestriere PLLC v. CMA Trading, Inc., 11 Civ. 9459 (ALC)(MHD), 2012 U.S. Dist. LEXIS 29620, at *5 (S.D.N.Y. Mar. 5, 2012) (internal citations omitted) (citing Grace, 443 F.3d at 192); see also RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L., 12 Civ. 1369 (LGS)(AJP), 2013 U.S. Dist. LEXIS 55804, at *13 (S.D.N.Y. Apr. 18, 2013) (collecting cases) ("A default judgment is appropriately entered where a corporate defendant 'has failed to . . . otherwise defend' an action by disregarding a court order to appear through counsel.").

---

[1] At the conference on April 17, 2013, defendant's counsel stated that he had "checked out" of this litigation and that he was unable to continue due to illness.  (ECF No. 26, Tr., 17.)  When "an illness interferes or potentially interferes with counsel's competence, diligence, and effective representation of a client, the prudent and professionally responsible attorney must make alternative arrangements for his clients and withdraw from their representation until such time as he is able to provide competent, diligent, and effective representation."  Carcello v. TJX Cos., 192 F.R.D. 61, 65 (D. Conn. 2000) (internal quotation marks omitted); see also MODEL RULES OF PROF'L CONDUCT R. 1.16 (2012) ("[A] lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if . . . the lawyer's physical or mental conditional materially impairs the lawyer's ability to represent the client.").  Accordingly, the Court directed defendant's counsel of record, Mr. Clarke, to withdraw and ordered defendant to retain new counsel.  (ECF No. 27.)  Although defendant's counsel was directed to withdraw, he has not done so and continues to intermittently file communications in this litigation.  See, e.g., ECF No. 30.  Defendant's counsel may not pick and choose when to participate in this litigation.  He is no longer defendant's counsel.  The Clerk of Court shall terminate Clarke as counsel for defendant, but shall do so after this Report has been transmitted to him.  Defendant has failed to retain new counsel and thus the Clerk of Court is directed to mail a copy of this and all future orders to defendant at 400 Myrtle Ave., Brooklyn, NY 11205.

8

## CONCLUSION

Accordingly, it is respectfully recommended that a default judgment should be entered against defendant Brookman Construction Co., Inc. and that plaintiffs should be afforded an opportunity to prove their damages with a "reasonable certainty" either through the submission of affidavits or at an inquest on damages. Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
_____
LOIS BLOOM
United States Magistrate Judge

Dated: May 24, 2013
      Brooklyn, New York

9