

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
:
LOCAL #46 METALLIC LATHERS UNION AND : 12-CV-2180 (ARR)(LB)
REINFORCING IRON WORKERS WELFARE TRUST, :
ANNUITY FUND, PENSION FUND, APPRENTICESHIP : NOT FOR ELECTRONIC
FUND, VACATION FUNDS, SCHOLARSHIP FUND, : OR PRINT PUBLICATION
AND OTHER FUNDS; TERRENCE MOORE, in his :
fiduciary capacity as Trustee of the Local #46 Metallic : ORDER
Lathers Union and Reinforcing Iron Workers Welfare :
Trust, Annuity Fund, Pension Fund, Apprenticeship Fund, :
Vacation Fund, Scholarship Fund and Other Funds; and :
TERRENCE MOORE, as Business Manager of the Local :
#46 Metallic Lathers Union and Reinforcing Iron Workers :
Welfare Trust, Annuity Fund, Pension Fund, :
Apprenticeship Fund, Vacation Fund, Scholarship Fund :
and Other Funds, :
:
                Plaintiffs, :
:
-against- :
:
BROOKMAN CONSTRUCTION CO., INC., :
:
                Defendant. :
------------------------------------------------------------------------ X
ROSS, United States District Judge:

       The court has received the Report and Recommendation on the instant case dated August 27, 2013, from the Honorable Lois Bloom, United States Magistrate Judge. A copy of the Report and Recommendation was sent to defendant on August 29, 2013, and plaintiff served a copy on defendant on August 30, 2013, see Dkt. #38. No objections have been filed. Accordingly, the court has reviewed the Report and Recommendation for clear error on the face of the record. See Advisory Comm. Notes to Fed. R. Civ. P. 72(b); accord Brissett v. Manhattan & Bronx Surface Transit Operating Auth., No. 09-CV-1930682 (CBA) (LB), 2011 WL 1930682, at *1 (E.D.N.Y. May 19, 2011). Having reviewed the record, I find no clear error in Judge Bloom's

recommendation that a default judgment should be entered against defendant Brookman Construction Co., Inc., in the sum of $277,739.93 to be distributed as follows:

- ERISA Funds: $253,555.84;
- Non-ERISA Funds: $3,072.70;
- Union: $7,684.01; and
- Attorney's Fees and Costs: $13,427.38.

I also find no clear error in Judge Bloom's recommendation that the court enjoin defendant from failing to make required contributions to the funds and to the union, and from refusing to cooperate in audits mandated by the collective bargaining agreement for the duration of the collective bargaining agreement – until June 30, 2014. I therefore adopt the Report and Recommendation, in its entirety, as the opinion of the court.

Accordingly, the court hereby orders that a default judgment be entered against defendant in the amount of $277,739.93, and further orders that defendant is enjoined from failing to make the required contributions and from refusing to cooperate in mandated audits until June 30, 2014.

SO ORDERED.

s/ ARR

_____
Allyne R. Ross
United States District Judge

Dated:   September 18, 2013
         Brooklyn, New York

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LOCAL #46 METALLIC LATHERS UNION
AND REINFORCING IRON WORKERS
WELFARE TRUST, ANNUITY FUND,
PENSION FUND, APPRENTICESHIP FUND,
VACATION FUND, SCHOLARSHIP FUND
AND OTHER FUNDS;
TERRANCE MOORE, *in his fiduciary capacity
as Trustee of the Local #46 Metallic Lathers Union
and Reinforcing Iron Workers Welfare Trust,
Annuity Fund, Pension Fund, Apprenticeship Fund,
Vacation Fund, Scholarship Fund and Other Funds*;
and TERRANCE MOORE, *as business manager
of the Local #46 Metallic Lathers Union and
Reinforcing Iron Workers and in his fiduciary
capacity as a Trustee of the Political Action  Fund
and Iron Workers Political Education Fund*;

      Plaintiffs,         **REPORT & RECOMMENDATION**
                  **12 CV 2180 (ARR)(LB)**

   -against-

BROOKMAN CONSTRUCTION CO., INC.

      Defendant.
-------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

  Plaintiffs bring this action against defendant Brookman Construction Co., Inc. for violations of their collective bargaining agreement (CBA) and the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §1001, *et seq*.  On June 13, 2013, the Honorable Allyne R. Ross entered a default judgment against defendant pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi) (ECF No. 34) and the Clerk of Court has noted an entry of defendant's default.  Judge Ross referred the matter to me for an inquest on damages in accordance with 28 U.S.C. § 636(b).  (Id.)  For the reasons set forth below, it is respectfully recommended that a default judgment should be entered against defendant for the sum of $277,739.93.

1

## BACKGROUND

Plaintiffs, Local #46 Metallic Lathers Union and Reinforcing Iron Workers Welfare Trust, Annuity Fund, Pension Fund, Apprenticeship Fund, Vacation Fund, Scholarship Fund, and Other Funds ("Funds"), are jointly administered, multi-employer trust funds established and maintained in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5).  (Compl., ¶ 4.) Some of the Funds are employee benefit plans within the meaning of ERISA, see 29 U.S.C. §§ 1002(1)-(3), 1132(d)(1), and some of the Funds are multiemployer plans within the meaning of ERISA, see 29 U.S.C. §§ 1002(37), 1145.  (Id.)  Plaintiff, Local #46 Metallic Lathers Union and Reinforcing Irons Works ("Union"), is a labor organization within the meaning of the Taft-Hartley Act, see 29 U.S.C. § 185, that represents employees in an industry affecting commerce as defined in the Taft-Hartley Act, see 29 U.S.C. § 142, and in ERISA, see 29 U.S.C. § 1002(4).  (Id. at ¶ 6.) Plaintiff Terrance Moore is a trustee and fiduciary of the Funds within the meaning ERISA, see 29 U.S.C. §§ 1002(21), 1132, and is the business manager of the Union.  (Id. at ¶¶ 5, 7.)  Defendant is an employer within the meaning of ERISA, see 29 U.S.C. §§ 1002(5), 1145, in an industry effecting commerce as defined in the Taft-Hartley Act, 29 U.S.C. § 185.  (Id. at ¶ 8.)

The Union executed a CBA with defendant effective from July 1, 2008 to June 30, 2014. (Id. at ¶ 8, Ex. A.)  Pursuant to the CBA and ERISA, defendant is required to make certain benefit contributions to Funds.  (Id. at ¶ 15.)  The CBA also obligates defendant to deduct dues and amounts for checkoffs from employee wages and pay these dues and checkoffs to the Union.  (Id. at ¶¶ 23-25.)  Plaintiffs allege that although duly demanded, defendant failed to make these payments to the Funds and the Union in violation of the CBA and ERISA.  (Id. at ¶¶ 1, 11, 25.)

Plaintiffs commenced this action on May 3, 2012.  On August 29, 2012, defendant answered the complaint.  (ECF No. 7.)  On May 24, 2013, I recommended that a default judgment should be

entered against defendant pursuant to Fed. R. Civ. P. 37(b)(2)(A) for its repeated failure to comply with the Court's orders and the Federal Rules of Civil Procedure. (ECF No. 31.) On June 13, 2013, Judge Ross adopted my Report and Recommendation, entered a default judgment against defendant, and referred the matter back to me for an inquest on damages. (ECF No. 34.) Thereafter, the Clerk of Court noted an entry of defendant's default. On July 8, 2013, plaintiffs timely filed a motion for damages. (ECF No. 42.) Plaintiffs seek unpaid contributions for the period from January 1, 2011 to September 30, 2012, along with interest, liquidated damages, and attorney's fees and costs. (Id.) Plaintiffs also seek injunctive relief. (Id.)

### DISCUSSION

#### I. Liability

Although the Court has determined that defendant's noncompliance warrants an entry of default judgment pursuant to Rule 37, the Court must still follow the procedure for entry of a default judgment set forth in Fed. R. Civ. P. 55. Coach, Inc. v. O'Brien, 10 Civ. 6071 (JPO)(JLC), 2012 U.S. Dist. LEXIS 52565, at *28 (S.D.N.Y. Apr. 13, 2012). Pursuant to Rule 55, defendant "admits all well-pleaded factual allegations contained in the complaint." City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) (internal quotation marks omitted). Nevertheless, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (internal quotation marks omitted).

> Section 515 of ERISA provides:
>
> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such

3

agreement.

29 U.S.C. § 1145. Plaintiffs' instant complaint alleges that pursuant to the CBA, defendant was required to pay contributions to the Funds and the Union and that defendant failed to make these required contributions. Plaintiffs' allegations sufficiently plead breach of contract and a violation of ERISA. See Cement Masons' Local 780 Trust Fund v. Integrated Structures Corp., 11-CV-4161 (SJ)(RER), 2012 U.S. Dist. LEXIS 138558, at *6 (E.D.N.Y. Aug. 24, 2012) (finding plaintiffs' allegations to sufficiently plead a violation of Section 515 of ERISA); Mason Tenders Dist. Council Welfare Fund v. Ciro Randazzo Builders, Inc., 03 Civ. 2677 (RMB)(JCF), 2004 U.S. Dist. LEXIS 9287, at *5-6 (S.D.N.Y. May 24, 2004) (finding plaintiffs' allegations that defendant failed to pay fringe benefit contributions to the Funds and dues checkoffs to the Union sufficient to establish a breach of contract and to hold defendant liable under ERISA).

## II.  Damages

While "'a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc. 699 F.3d 230, 234 (2d Cir. 2012) (quoting Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). Plaintiffs have the burden to prove damages with "reasonable certainty." Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citation omitted); accord RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L., 12 Civ. 1369 (LGS)(AJP), 2013 U.S. Dist. LEXIS 55804, at * 22 (S.D.N.Y. Apr. 18, 2013). Plaintiffs support their instant request for damages with the following documents: the affirmation of plaintiffs' counsel, Joseph Kaming, in support of damages (Damages Affirm.), the affirmation of Mr. Kaming in support of attorneys' fees (ECF No. 42-2, "Fees Affirm."), and the affidavit of Hany Kilada, the supervising auditor (ECF No. 42-1, "Kilada Aff."). Plaintiffs also attach documents to support these affidavits, including a copy of the audit,

4

correspondence between plaintiffs' counsel and defendant's counsel discussing the audit, and plaintiffs' calculation of accrued interest and liquidated damages. (Damages Affirm., Exs. 1-4.) Plaintiffs also incorporate by reference their CBA with defendant, a copy of which was appended to their complaint. (Compl., Ex. A, "CBA".) As these submissions provide a sufficient basis for the Court to determine damages, a hearing on damages is not necessary.[1]

### A. Principal

Plaintiffs request $184,946.94 in unpaid fringe benefits. In support, plaintiffs attach a copy of the audit of defendant's payroll records. (Damages Affirm., Ex. 1.) The audit, conducted on December 13, 2012, determined that defendant owed $214,191.94 in unpaid fringe benefits. (Id. at ¶ 9, Ex. 1.) However in March 2013, plaintiffs received a payment of $17,720 from E. E. Cruz (the general contractor for Brookman). (Id. at ¶ 13.) Plaintiffs properly deduct this amount from their request for damages. Furthermore during discovery, defendant's counsel contested certain calculations in the audit, particularly the inclusion of two individuals, Michael White and Sharief Green. (Id. at ¶ 10.) In their motion for damages, plaintiffs concede that White should not be included and deduct $11,525, the total amount of unpaid fringe benefits calculated for White, from the principal audit amount. (Id. at ¶ 12.) As to Green, defendant contended that Green was not a member of the Union, but a member of Local 731. (Id. at ¶ 11.) However, defendant failed to produce any documents to support its position. (Id.) As defendant failed to comply with Court orders and participate in discovery,[2] and plaintiffs state that Green is a member of the Union, plaintiffs may properly recover unpaid fringe benefits for Green.

---

[1] The Court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages [or] establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2). However, the Court is not required to hold a hearing, as "[d]etailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing." Chanel, Inc. v. Louis, No. 06-CV-5924 (ARR)(JO), 2009 U.S. Dist. LEXIS 113910, at *11 (E.D.N.Y. Dec. 7, 2009) (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991)).

[2] The Court notes that pursuant to Rule 37(b)(2)(A)(ii), the Court may prohibit defendant from opposing certain claims or introducing certain evidence as a sanction for its noncompliance with the Court's orders.

I have reviewed the audit and accompanying documents, including the supervising auditor's affidavit attesting that "[t]he calculation of the principal amounts owed are correct," (Kalida Aff., ¶ 4). Accordingly, plaintiffs should be awarded $184,946.95 in unpaid fringe benefit contributions to be apportioned as follows: $176,013.24 to the ERISA funds; $2,554.99 to the non-ERISA funds; and $6,378.72 to the Union.[3]

## B. Interest

ERISA and the CBA provide for interest on unpaid contributions.  See 29 U.S.C. §1143(g)(2)(B); CBA, Article XII(11)(b).  Interest on unpaid contributions is determined by the CBA, or if none, by ERISA.  Cement & Concrete Workers Dist. Council Welfare Fund v. Azzarone Contracting Corp., 06 CV 2953 (FB)(RML), 2007 U.S. Dist. LEXIS 98867, at *7 n.4 (E.D.N.Y. July 27, 2007).  Here, the CBA provides an interest rate of twelve percent per annum. (CBA, Article XII(11)(b).)  Plaintiffs calculate interest through August 1, 2013.[4]  After reviewing the interest calculation table (Damages Affirm., Ex. 4) and Kalida's affidavit, the Court finds the interest calculation is accurate.  However, as defendant's time to object to this Report & Recommendation will expire after September 1, 2013, the Court adds an additional month to plaintiffs' interest calculation.  Thus, plaintiffs should be awarded the following interest: $38,771.30 on the ERISA principal; $517.71 on the non-ERISA principal; and $1,305.29 on the Union dues.[5]

---

[3] Plaintiffs are comprised of both ERISA and non-ERISA funds and the Union.  The audit apportions the total amounts owed to each separately.  Kalida affirms this division of unpaid fringe benefits. (Kalida Aff., ¶ 5.)  Based on the individual amounts listed, plaintiffs in fact request, and are granted, $184,946.95 in principal.  This discrepancy likely arises from rounding differences.  The Court further notes that this likely also accounts for the Court's calculation of the principal as $184,196.96 (see attached spreadsheet).

[4] Plaintiffs provide defendant with an approximately two month grace period prior to charging interest on the unpaid contributions, e.g. if payment was owed February 2011, defendants begin calculating interest from April 2011. (Damages Affirm., ¶ 5.)

[5] See the attached spreadsheet for the revised interest calculation.

6

### C. Liquidated Damages

ERISA and the CBA also provide that "the court shall award . . . an amount equal to the greater of—(1) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the unpaid contributions. 29 U.S.C. § 1132 (g)(2)(C); see also CBA, Article XII (11)(c). Under ERISA, plaintiffs are entitled to liquidated damages for "contributions that remain unpaid or that were not paid until after this suit was filed." Gesualdi v. Torretta Trucking Inc., CV 2010-1249 (ARR)(MDG), 2012 U.S. Dist. LEXIS 46405, at *17 (E.D.N.Y. Mar. 12, 2012). Thus, plaintiffs properly request liquidated damages in the amount of $38,746.65, which is twenty percent of $193,733.24, the ERISA principal prior to the March 2013 payment. Nonetheless, as discussed *supra*, the interest on unpaid ERISA contributions will increase as defendant will have fourteen days to file objections to this Report and Recommendation. This new interest will make the total amount of interest due exceed the amount of liquidated damages. As ERISA mandates the Court to award the greater of the interest on unpaid contributions and liquidated damages, see 29 U.S.C. 1132(g)(2)(C), it is respectfully recommended that plaintiffs should be awarded an additional $38,771.30 in interest on unpaid contributions in lieu of the requested liquidated damages.

### D. Attorney's Fees and Costs

An award of attorney's fees is mandatory under Section 502 of ERISA. See 29 U.S.C. § 1132(g)(2) ("[T]he court shall award . . . reasonable attorney's fees and costs . . . ."); La Barbera v. Clestra Hauserman Inc., 369 F.3d 224, 226 (2d Cir. 2004) ("the statute renders fees and costs mandatory"); Mason Tenders Dist. Council Welfare Fund v. A.G.I., Inc., 03 Civ. 1238 (RLC)(KNF), 2005 U.S. Dist. LEXIS 8354, at *15 (S.D.N.Y. Apr. 29, 2005) ("An award of costs and reasonable attorney fees, in an action such as this, to recover unpaid fringe benefit

7

contributions, is mandatory." (citing 29 U.S.C. §1132(g)(2))). It is similarly mandatory under the CBA. (CBA, Art. XII(11).) "'The district court retains discretion to determine . . . what constitutes a reasonable fee.'" Annuity, Pension, Welfare & Training Funds of the I.U.O.E. Local 14-14B v. Integrated Structures Corp., 12 CV 6354 (FB)(CLP), 2013 U.S. Dist. LEXIS 114263, at *23 (E.D.N.Y. July 9, 2013) [hereinafter Local 14-14B] (quoting Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011)). Courts should determine the "presumptively reasonable fee" for an attorney's services by looking to "what a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183-84 (2d Cir. 2008). The presumptively reasonable fee equals "a reasonable hourly rate multiplied by a reasonable number of expended hours." Finkel v. Allstate Elec. Corp., 09-CV-4071 (ENV)(RER), 2010 U.S. Dist. LEXIS 139084, at *19 (E.D.N.Y. Nov. 24, 2010) (citing Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009)); Trs. of the Local 7 Tile Indus. Welfare Fund v. Bennick Contracting, Inc., CV 07-4992 (ENV)(JO), 2010 U.S. Dist LEXIS 35444, at *26 (E.D.N.Y. Jan. 22, 2010) ("Courts in this circuit assess such fee applications using the 'lodestar method,' under which a reasonable hourly rate is multiplied by a reasonable number of hours expended.").

In determining the reasonable hourly fee in a particular case, this Circuit adheres to "the forum rule which states that a district court should generally use the prevailing hourly rates in the district where it sits." Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor Mgmt Cooperation, Pension & Welfare Funds v. Flooring Experts, Inc., CV 12-6317 (ADS)(AKT), 2013 U.S. Dist. LEXIS 112301, at *24 (E.D.N.Y. Aug. 8, 2013) [hereinafter Flooring Experts]; see also Local 14-14B, 2013 U.S. Dist. LEXIS 114263, at *27 ("[I]n calculating the presumptively reasonable fee, 'courts should generally use the hourly rates employed in the district in which the reviewing court sits.'" (quoting Simmons, 575 F.3d at 174)). Plaintiffs' counsel, Mr. Kaming, seeks

8

an hourly fee of $210.00. (Fees Affirm., ¶ 4.) Mr. Kaming has been practicing law in this field for more than forty years. (Id.) The Court finds an hourly fee of $210.00 reasonable for Mr. Kaming, and indeed at the low end of the proper range for ERISA attorneys in this district. See Trs. of the Empire State Carpenters Welfare, Pension Annuity, Apprenticeship, Charitable Trust, Labor Mgmt. Cooperation, & Scholarship Fund v. Protrac Constr., Inc., CV 11-2288 (ADS)(GRB), 2013 U.S. Dist. LEXIS 35817, at *22 (E.D.N.Y. Feb. 10, 2013) (approving an hourly rate of $250 for an attorney with more than twenty-five years of experience); Finkel v. Mid City Elec. Corp., 12-CV-01972 (NG)(RER), 2013 U.S. Dist. LEXIS 59637, at *21-22 (E.D.N.Y. Feb. 8, 2013) (finding an hourly rate of $250 reasonable for an associate with nine years of employment benefits experience).

The Court next considers the reasonableness of the number of hours billed in this matter. "A court should exclude hours that were excessive, redundant, or otherwise unnecessary to the litigation." Flooring Experts, 2013 U.S. Dist. LEXIS 112301, at *25; see also Leyse v. Corporate Collection Servs., 545 F. Supp. 2d 334, 337 (S.D.N.Y. 2008) ("Courts have discretion to deduct 'excessive, redundant, or otherwise unnecessary' hours . . . ." (quoting Hensley, 461 U.S. at 434)). Plaintiffs' counsel requests fees for 65.25 hours of work and submits contemporaneous records setting forth dates, time spent on services rendered, and a brief description of services performed, in support of his request. (Fees Affirm.)

Plaintiffs' counsel recorded his time in quarter-hour segments. "Quarter-hour billing 'tends substantially to overstate the amount of time spent when many tasks require only a short time span to complete' and 'adds an upward bias in virtually all cases.'" Source Vagabond Sys., Ltd. v. Hydrapak, Inc., 11 Civ. 5379 (CM)(JLC), 2013 U.S. Dist. LEXIS 4853, at *40 (S.D.N.Y. Jan. 11, 2013) (quoting Lucky Brand Dungarees, Inc. v. Ally Apparel Res., LLC, 05 Civ. 6757 (LTS)(MHD), 2009 U.S. Dist. LEXIS 31940, at *13 (S.D.N.Y. Feb. 20, 2009)); see also Lijoi v.

9

Cont'l Cas. Co., CV 01-4536 (ILG)(VVP), 2007 U.S. Dist. LEXIS 101361, at *31 n.13 (E.D.N.Y. Feb. 6, 2007) ("[C]ourts have recognized the potential excessiveness of billing in quarter-hour increments." (collecting cases)). In this case, even counsel's review of a scheduling order or a telephone call following up on the audit resulted in a one-quarter hour billing. (See, e.g., Fees Affirm., ¶ 5 entries dates Sept. 4, 2012, Oct. 9, 2012, & Oct. 16, 2012.) However, as there are no other indicia of overbilling, and counsel excludes work by paralegals and requests an hourly rate which is low for this district, the Court finds a minimal, five percent reduction sufficient to compensate for the quarter-hour billing. See Thomas v. United States, 02 Civ. 5746 (HBP), 2011 U.S. Dist. LEXIS 140001, at *25 (S.D.N.Y. Dec. 5, 2011) (reducing counsel's fee award by ten percent to compensate for "block billing and use of quarter-hour increments"); Lijoi v. Cont'l Cas. Co., 01-CV-4536 (ILG), 2009 U.S. Dist. LEXIS 130990, at *22 (E.D.N.Y. Nov. 17, 2009) (finding counsel's quarter-hour billing practice minimized by counsel's reduction in the amount of fees sought, but still applying an across-the-board reduction in fees).

Accordingly, it is respectfully recommended that plaintiffs' counsel should be awarded $13,017.38 in attorney's fees and $410.00 in costs. See La Barbera v. Bestech Transp., LLC, CV 07-4699 (ENV)(MDG), 2011 U.S. Dist. LEXIS 40131, at *24-25 (E.D.N.Y. Mar. 8, 2011) (awarding costs for filing fee, statutory fee, and service of process); Finkel v. Triple A Group, Inc., 708 F. Supp. 2d 277, 290 (E.D.N.Y. 2009) (awarding costs for "filings, service, postage and photocopying").

### E. Injunctive Relief

Plaintiffs request the Court to permanently enjoin defendant for the duration of the CBA from failing to make the required contributions and from refusing to cooperate in audit requests.[6]

---

[6] As plaintiffs request this relief in their complaint (Compl., 11), the Court may properly consider awarding this relief on the instant motion for damages. See Finkel v. Universal Sec. Sys., 10 CV 4520 (NGG)(LB), 2011 U.S. Dist. LEXIS

10

"[A] court may issue injunctive relief provided the plaintiff shows that it (1) is entitled to injunctive relief under ERISA and (2) otherwise meets the requirements for an injunction." Solis v. Bosniak, CV 12-1621 (ADS)(ARL), 2013 U.S. Dist. LEXIS 111382, at *7 (E.D.N.Y. May 8, 2013). "ERISA provides for the discretionary award of equitable relief." Trs. of the Operative Plasters & Cement Masons' Int'l Ass'n v. Mimosa Int'l, Ltd., 10 Civ. 2168 (DF), 2013 U.S. Dist. LEXIS 57350, at *35 (S.D.N.Y. Apr. 16, 2013) (citing 29 U.S.C. § 1132(g)(2)(E)); see also Bd. of Trs. of the United Union Roofers, Waterproofers & Allied Workers Local Union No. 8 W.B.P. & A Funds v. Dibella Roofing, Inc., CV-05-2494 (DLI)(JMA), 2005 U.S. Dist. LEXIS 30146, at *12 (E.D.N.Y. Oct. 26, 2005) ("ERISA specifically gives courts the authority to grant injunctive relief." (citing 29 U.S.C. § 1132(a)(3))). Therefore, the first condition is satisfied.

To obtain an injunction, plaintiffs must also prove that there is "an inadequate remedy at law and irreparable harm will result if the relief is not granted." Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 103 (2d Cir. 2005); accord Ferrara v. Prof'l Pavers Corp., 11-CV-1433 (KAM)(RER), 2013 U.S. Dist. LEXIS 45944, at *31 (E.D.N.Y. Feb. 15, 2013). "However, the Second Circuit has held that 'serious misconduct that violates [ERISA] obligations is sufficient grounds for a permanent injunction.'" Sullivan v. Marble Unique Corp., 10 CV 3582 (NGG)(LB), 2011 U.S. Dist. LEXIS 129867, at *39 (E.D.N.Y. Aug. 30, 2011) (quoting Beck v. Levering, 947 F.2d 639, 641 (2d Cir. 1991)). Here, plaintiffs allege that defendant "continues its failure to pay any of the amounts remaining owing or continuing amounts owing for lather jurisdictional work." (Damages Affirm., ¶ 25.) Plaintiffs further state that defendant continues to seek to enter contracts and "to bid lather jurisdictional work" and that their failure to pay on future contracts will "irreparably harm[] the plan[']s capacity to provide health coverage for participants because hour eligibility

---

128239, at *33 (E.D.N.Y. Sept. 9, 2011) ("Only the injunctive relief sought by plaintiff in his complaint and requested in the instant motion . . . shall be considered." (citing Fed. R. Civ. P. 54(c))).

requirements are not satisfied." (Id.)

Plaintiffs' concern that defendant may not properly make its contributions or participate in the CBA-mandated audit in the future is well-founded. Defendant has repeatedly failed to comply with court orders and has made no attempt to fulfill its obligations under the CBA since the institution of this action. In light of defendant's blatant disregard for the judicial process, injunctive relief is appropriate in this case. See Sullivan, 2011 U.S. Dist. LEXIS 129867, at *41 ("Faced with recalcitrant ERISA defendants, numerous court have granted an injunction . . . ."); La Barbera v. Cab II Enters., 08 CV 3648 (FB)(CLP), 2009 U.S. Dist. LEXIS 69854, at *26 (E.D.N.Y. Aug. 5, 2009) (Injunctive relief is "an appropriate remedy in ERISA disputes where the defendant intends to frustrate any judgment . . . or show[s] contempt for the judicial process." (internal quotation marks omitted)); Mingoia v. Crescent Wall Sys., 03 Civ. 7143 (THK), 2004 U.S. Dist. LEXIS 16761, at *21 (S.D.N.Y. Aug. 20, 2004) ("In light of Defendants' past failures to make required contributions, . . . and the threat of termination of employee benefits if employer contributions are not timely made, permanent injunctive relief is justified." (collecting cases)).

## CONCLUSION

Accordingly, it is respectfully recommended that a default judgment should be entered against defendant Brookman Construction Co., Inc. in the sum of $277,739.93, to be distributed as follows:

- ERISA Funds: $253,555.84;
- Non-ERISA Funds: $3,072.70;
- Union: $7,684.01; and
- Attorney's Fees and Costs: $13,427.38.

It is further recommended that plaintiffs' request for an injunction enjoining defendant from failing to make the required contributions and from refusing to cooperate in CBA-mandated audits should be granted for the duration of the CBA, until June 30, 2014.  Plaintiffs are hereby ordered to serve a copy of this Report upon defendant at its last known address and file proof of service with the Court forthwith.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections (and any responses to objections) shall be filed with the Clerk of the Court.  Any request for an extension of time to file objections must be made within the fourteen-day period.  Failure to file a timely objection to this Report generally waives any further judicial review.  Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                         /S/
                                     LOIS BLOOM
                                     United States Magistrate Judge

Dated: August 27, 2013
       Brooklyn, New York

REVISED CALCULATION OF INTEREST THROUGH SEPTEMBER 1, 2013

| (1) Mnth | | (5) Dues Dollar | (6) Non-ERISA Funds | (7) ERISA Funds | (8) # MNTHS to 9/1/13 | (9) % per mnth | (10) Amount ERISA Interest | (11) Interest Dues | (12) Interest Non-ERISA |
|---|---|---|---|---|---|---|---|---|---|
| January, 2011 | | -$299.44 | -$120.17 | -$8,910.31 | 30 | 0.01 | -$2,673.09 | -$89.83 | -$36.05 |
| February, 2011 | | $374.68 | $150.37 | $11,149.20 | 29 | 0.01 | $3,233.27 | $108.66 | $43.61 |
| March, 2011 | | | | | | | | | |
| | APP3 | $74.48 | $29.89 | $1,434.72 | 28 | 0.01 | $401.72 | $20.85 | $8.37 |
| | Journeyman | $414.96 | $166.53 | $12,347.79 | 28 | 0.01 | $3,457.38 | $116.19 | $46.63 |
| April, 2011 | | | | | | | | | |
| | APP3 | $118.56 | $47.58 | $2,283.84 | 27 | 0.01 | $616.64 | $32.01 | $12.85 |
| | Journeyman | $10.64 | $4.27 | $316.61 | 27 | 0.01 | $85.48 | $2.87 | $1.15 |
| May, 2011 | | | | | | | | | |
| | APP3 | $86.64 | $34.77 | $1,668.96 | 26 | 0.01 | $433.93 | $22.53 | $9.04 |
| | Journeyman | $308.56 | $123.83 | $9,181.69 | 26 | 0.01 | $2,387.24 | $80.23 | $32.20 |
| June, 2011 | | | | | | | | | |
| | Journeyman | -$53.20 | -$21.35 | -$1,583.05 | 25 | 0.01 | -$395.76 | -$13.30 | -$5.34 |
| | APP3 | $2.28 | $0.61 | $44.23 | 25 | 0.01 | $11.06 | $0.57 | $0.15 |
| | Journeyman | $18.24 | $4.88 | $545.20 | 25 | 0.01 | $136.30 | $4.56 | $1.22 |
| July, 2011 | | | | | | | | | |
| | APP3 | $95.76 | $38.43 | $1,935.99 | 24 | 0.01 | $464.64 | $22.98 | $9.22 |
| | Journeyman | $446.88 | $179.34 | $14,017.92 | 24 | 0.01 | $3,364.30 | $107.25 | $43.04 |
| August, 2011 | | | | | | | | | |
| | APP3 | -$21.28 | -$8.54 | -$430.22 | 23 | 0.01 | -$98.95 | -$4.89 | -$1.96 |
| September, 2011 | | | | | | | | | |
| | APP3 | $21.28 | $8.54 | $430.22 | 22 | 0.01 | $94.65 | $4.68 | $1.88 |
| | Journeyman | $536.56 | $215.33 | $16,831.04 | 22 | 0.01 | $3,702.83 | $118.04 | $47.37 |
| October, 2011 | | | | | | | | | |
| | APP3 | $10.64 | $4.27 | $215.11 | 21 | 0.01 | $45.17 | $2.23 | $0.90 |
| | Journeyman | $224.96 | $90.28 | $7,056.64 | 21 | 0.01 | $1,481.89 | $47.24 | $18.96 |
| | | $145.92 | $39.04 | $4,596.80 | 21 | 0.01 | $965.33 | $30.64 | $8.20 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| November, 2011 | | | | | | | | | |
| | APP3 | $53.20 | $21.35 | $1,075.55 | 20 | 0.01 | $215.11 | $10.64 | $4.27 |
| | Journeyman | $1,959.28 | $786.29 | $61,459.52 | 20 | 0.01 | $12,291.90 | $391.86 | $157.26 |
| | | $230.28 | $61.61 | $7,254.33 | 20 | 0.01 | $1,450.87 | $46.06 | $12.32 |
| December, 2011 | | | | | | | | | |
| | | $442.32 | $177.51 | $13,874.88 | 19 | 0.01 | $2,636.23 | $84.04 | $33.73 |
| January, 2012 | | | | | | | | | |
| | | $317.68 | $127.49 | $9,965.12 | 18 | 0.01 | $1,793.72 | $57.18 | $22.95 |
| February, 2012 | | | | | | | | | |
| | | $63.84 | $25.62 | $2,002.56 | 17 | 0.01 | $340.44 | $10.85 | $4.36 |
| March, 2012 | | | | | | | | | |
| | | $88.16 | $35.38 | $2,765.44 | 16 | 0.01 | $442.47 | $14.11 | $5.66 |
| April, 2012 | | | | | | | | | |
| | | -$3.04 | -$1.22 | -$95.36 | 15 | 0.01 | -$14.30 | -$0.46 | -$0.18 |
| May, 2012 | | | | | | | | | |
| | | $80.56 | $32.33 | $2,527.04 | 14 | 0.01 | $353.79 | $11.28 | $4.53 |
| June, 2012 | | | | | | | | | |
| | | -$15.20 | -$6.10 | -$476.80 | 13 | 0.01 | -$61.98 | -$1.98 | -$0.79 |
| July, 2012 | | | | | | | | | |
| | | -$36.90 | -$18.30 | -$1,139.10 | 12 | 0.01 | -$136.69 | -$4.43 | -$2.20 |
| | | $84.87 | $28.06 | $2,633.96 | 12 | 0.01 | $316.08 | $10.18 | $3.37 |
| August, 2012 | | | | | | | | | |
| | | $233.70 | $115.90 | $7,214.30 | 11 | 0.01 | $793.57 | $25.71 | $12.75 |
| | | $44.28 | $14.64 | $1,374.24 | 11 | 0.01 | $151.17 | $4.87 | $1.61 |
| September, 2012 | | | | | | | 0.01 | | | |
| | APP1 | $0.00 | $8.54 | $330.96 | 10 | 0.01 | $33.10 | $0.00 | $0.85 |
| | Journeyman | $318.57 | $157.99 | $9,834.23 | 10 | 0.01 | $983.42 | $31.86 | $15.80 |
| | | | | | | | | | |
| TOTAL | | $6,378.72 | $2,554.99 | $193,733.25 | | TOTAL | $39,302.90 | **$1,305.29** | **$517.71** |
| | | | | | | | | | |
| MINUS E.E. CRUZ PAYMENT | | | | -$17,720.00 | 3 | 0.01 | -$531.60 | | |
| | | ERISA TOTAL | | $176,013.25 | | | **$38,771.30** | | |

TOTAL PRINCIPAL DUE: $184,946.96

| SUMMARY TABLE | |
|---|---:|
| ERISA PRINICPAL: | $176,013.24 |
| ERISA INTERST: | **$38,771.30** |
| ERISA INTEREST: | **$38,771.30** |
| ERISA TOTAL: | **$253,555.84** |
| | |
| Non-ERISA PRINCIPAL: | $2,554.99 |
| Non-ERISA INTEREST: | **$517.71** |
| Non-ERISA TOTAL: | **$3,072.70** |
| | |
| UNION DUES: | $6,378.72 |
| UNION INTEREST: | **$1,305.29** |
| UNION TOTAL: | **$7,684.01** |
| | |
| Attorneys' Fees | $13,017.38 |
| Costs | $410 |
| | |
| **TOTAL JUDGMENT:** | **$277,739.93** |